**Opinion filed June 2, 2011**



# In The

# Eleventh Court of Appeals

_____

## No. 11-10-00339-CR

_____

## LEROY JOSE AGUILAR, Appellant

## V.

## STATE OF TEXAS, Appellee

**On Appeal from the 220th District Court**

**Comanche County, Texas**

**Trial Court Cause Nos. CCCR-08-03024**

## M E M O R A N D U M   O P I N I O N

Pursuant to a plea agreement, Leroy Jose Aguilar, pleaded guilty in 2008 to felony driving while intoxicated. The trial court accepted appellant's plea of guilty and placed him on community supervision for a term of seven years. The trial court additionally imposed a fine of $2,000. In May 2010, the State filed a motion to revoke community supervision, alleging multiple violations of the terms and conditions of community supervision. The State filed an amended motion to revoke community supervision in September 2010 that also alleged multiple violations of the terms and conditions of community supervision.

On October 27, 2010, the trial court conducted a hearing on the amended motion to revoke community supervision. Appellant pleaded "true" to five of the nine violations alleged by the State. After conducting a hearing on the remaining allegations and based upon appellant's plea, the trial court found eight of the nine alleged violations to be true. The trial court revoked appellant's term of community supervision and assessed his punishment at confinement in the Institutional Division of the Texas Department of Criminal Justice for a term of seven years. The trial court additionally imposed a fine of $1,435. We dismiss the appeal.

Appellant's court-appointed counsel has filed a motion to withdraw. The motion is supported by a brief in which counsel professionally and conscientiously examines the record and applicable law and states that he has concluded that the appeal is frivolous. Counsel has provided appellant with a copy of the brief and advised appellant of his right to review the record and file a response to counsel's brief. A response has not been filed.[1] Court-appointed counsel has complied with the requirements of *Anders v. California*, 386 U.S. 738 (1967); *In re Schulman*, 252 S.W.3d 403 (Tex. Crim. App. 2008); *Stafford v. State*, 813 S.W.2d 503 (Tex. Crim. App. 1991); *High v. State*, 573 S.W.2d 807 (Tex. Crim. App. 1978); *Currie v. State*, 516 S.W.2d 684 (Tex. Crim. App. 1974); *Gainous v. State*, 436 S.W.2d 137 (Tex. Crim. App. 1969); and *Eaden v. State*, 161 S.W.3d 173 (Tex. App.—Eastland 2005, no pet.).

Following the procedures outlined in *Anders* and *Schulman*, we have independently reviewed the record, and we agree that the appeal is without merit and should be dismissed. *Schulman*, 252 S.W.3d at 409. In this regard, a plea of true standing alone is sufficient to support a trial court's decision to revoke community supervision. *See Moses v. State*, 590 S.W.2d 469, 470 (Tex. Crim. App. 1979).

We note that counsel has the responsibility to advise appellant that he may file a petition for discretionary review with the clerk of this court seeking review by the Texas Court of Criminal Appeals. TEX. R. APP. P. 48.4 ("In criminal cases, the attorney representing the defendant on appeal shall, within five days after the opinion is handed down, send his client a copy of the opinion and judgment, along with notification of the defendant's right to file a *pro se* petition for discretionary review under Rule 68."). Likewise, this court advises appellant that he may file a petition for discretionary review pursuant to TEX. R. APP. P. 68.

---

[1]By letter, this court granted appellant thirty days in which to exercise his right to file a response to counsel's brief.

The motion to withdraw is granted, and the appeal is dismissed.


                                                            PER CURIAM

June 2, 2011

Do not publish.  *See* TEX. R. APP. P. 47.2(b).

Panel[2] consists of:  Wright, C.J.,
McCall, J., and Hill, J.[3]

---

[2] Rick Strange, Justice, resigned effective April 17, 2011.  The justice position is vacant pending appointment of a successor by the governor.

[3] John G. Hill, Former Justice, Court of Appeals, 2nd District of Texas at Fort Worth, sitting by assignment.